<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SEAN M. SEXTON and PATRICIA SEXTON, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 09-5829 |
| v. | : | OPINION |
| THE BOYZ FARMS, INC., CHUCK B. SUTTON, HOPE BALCERAK, ZURICK AMERICAN INSURANCE CO., CITIZENS UNITED RECIPROCAL EXCHANGE, and JOHN DOE(S), a fictitious name, names, entity or entities, jointly, severally or in the alternative, | : | |
| Defendants. | : | |

This matter comes before the Court on a motion for summary judgment filed by Defendant Hope Balcerak [Dkt. Entry No. 27]. The Court has considered the written submissions of the parties and heard oral argument on the motion on April 6, 2011. For the reasons stated below, Defendant's Motion for Summary Judgment will be denied.

**I. Background**

On December 18, 2007, Plaintiff Sean Sexton ("Sexton") was traveling west on Route 40 in Carneys Point, New Jersey in a 1992 International tractor trailer. Defendant Hope Balcerak ("Balcerak"), also traveling west on Route 40 in a 1999 Ford Explorer, was approximately eight car lengths in front of Sexton's vehicle. As Balcerak's vehicle was approaching an intersection where Route 48 crosses Route 40, she slammed on her breaks and stopped in the middle of Route 40. Sexton applied his brakes to avoid a collision but his vehicle jack-knifed into a skid, and the front of his vehicle collided into the rear of Balcerak's vehicle.

Balcerak contends that a tractor trailer driven by Co-Defendant Chuck Sutton ("Sutton") was approaching the intersection at a high rate of speed on Route 48. At the intersection, there is a stop sign that requires vehicles on Route 48 to stop before crossing Route 40; drivers on Route 40 are not required to stop. Balcerak argues that her braking was necessitated by her observation of Sutton's vehicle traveling through the stop sign without stopping. According to Balcerak, "when I saw that he wasn't stopping, I at that point tapped my brakes and I moved to the left-hand side of the road. And then as he continued to travel, that's when I suddenly hit the brakes." (Pl.'s Ex. E, Balcerak Dep., pp. 25-26.)

Sutton recounts a significantly different explanation for Balcerak's sudden stop. According to Sutton:

> I was stopped at the stop sign and I looked at the traffic coming from my left and there's a light pole approximately a hundred yards away and this lady and the truck came up to where I was at, I was stopped and she looked up. She was doing her make-up. She looked up and stopped in the middle of the road. She stopped right there in the lane of traffic.
> I waved the lady through and she was trying to wave me through and I told the lady - I was signaling her, I can't go, I'm stopped . . .
> I'm waiving frantically, go, I can't go, and I saw the 18-wheeler coming behind her and he came up and slammed on the brakes and tried to avoid hitting her and he bumped her in the back and I called 911.

(Pl.'s Ex. G, Sutton Dep., p. 46.)

On August 5, 2009, Sexton and his wife, Patricia Sexton, filed a Complaint in the Superior Court of New Jersey, Law Division, Atlantic County, naming Balcerak, Sutton, and Sutton's employer, The Boyz Farm, Inc., as defendants. Sexton alleges that Balcerak and Sutton were negligent, and as a result of their negligence, he was seriously injured. The action was timely removed to this Court and Plaintiffs filed an Amended Complaint

2

against the above-named defendants on May 31, 2010. On August 8, 2010, Sutton and The Boyz Farms, Inc. filed an Answer to the Amended Complaint and a Cross-claim against Balcerak for contribution and/or indemnity. Balcerak filed the present motion for summary judgment on November 24, 2010, asserting that there is no dispute that her actions did not constitute negligence, and that she is not liable as a matter of law.

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the movant has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant satisfies its burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" that establish the absence of a present dispute. Fed. R. Civ. P. 56(c)(1)(A).

Once the moving party has met this burden, the nonmoving party must show, by

affidavits or otherwise, the presence of a genuine dispute for trial. Celotex, 477 U.S. at 323; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994); accord Fed. R. Civ. P. 56(c)(1). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)).

Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. Analysis

To prevail on a claim of negligence, a plaintiff must establish that the "defendant breached a duty of reasonable care, which constituted a proximate cause of the plaintiff's injuries." Brown v. Racquet Club of Bricktown, 471 A.2d 25, 29 (N.J. 1984). Balcerak asserts that she cannot be liable as a matter of law because she stopped her vehicle

4

properly in response to Sutton's improper encroachment through the stop sign.  In support of her motion, Balcerak relies solely on the case of <u>Dolson v. Anastasia</u>, which states that "[i]t is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the preceding vehicle and the traffic upon and condition of the highway.  Failure to do so resulting a collision, is negligence . . . " 258 A.2d 706, 710 (N.J. 1969) (internal citation omitted).  Thus, Balcerak asserts that Sexton's negligence precludes any potential finding of negligence against her.  However, <u>Dolson</u> does not stand for the proposition that the lead vehicle in a rear-end collision may never be found to have breached a duty of reasonable care to the driver of the following vehicle.  Courts have routinely recognized that depending on the factual circumstances of the collision, the liability of the driver of the following vehicle may be lessened or eliminated by the contributory negligence of the driver of the lead vehicle.  <u>See, e.g.</u> <u>Shnayder v. McGrail</u>, Civ. No. 03-1959, 2005 WL 3527255, at *6 (D.N.J. Dec. 22, 2005).

      Here, there is a genuine issue of material fact as to how the accident occurred and why Balcerak abruptly jammed on her brakes on a major road.[1]  Taking the credible evidence presented in the parties' moving papers in the light most favorable to the non-moving parties, it is possible that a reasonable fact-finder could determine that the Sutton vehicle was properly stopped at the stop sign and Balcerak's abrupt stop of her

---

[1] The Court notes that Balcerak has not submitted any evidence in support of her moving papers.  Balcerak's brief references deposition testimony identified as "Exhibit A" and "Exhibit B," but does not provide the Court with the actual exhibits for review.  However, even assuming the absent exhibits support the proffered assertions of fact, the Court would reach the same conclusion.

vehicle was due to her inattentiveness and distraction while applying makeup. Under these circumstances, the fact-finder could determine that this unnecessary stop was a proximate cause of Sexton's injuries and a finding of contributory negligence may be appropriate.  N.J.S.A. 2A:15-5.2(a)(2) provides that in all negligence actions in which liability is disputed, the trier of fact must decide the extent, in the form of a percentage, of each party's negligence or fault.  Therefore, because a genuine issue of material fact exists as to existence and/or extent of Balcerak's comparative negligence, her motion for summary judgment will be denied.

## CONCLUSION

An appropriate Order shall follow.

Dated: April 11th, 2011

                                    /s/ Joseph H. Rodriguez
                                   Hon. Joseph H. Rodriguez,
                                   United States District Judge